NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JACQUELINE GANIE, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 04-6428 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**Chesler, District Judge**

    This matter comes before the Court upon the appeal of Plaintiff, Jacqueline Ganie ("Ganie"), of the final decision of the Commissioner of Social Security ("Commissioner") determining that she is not eligible for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act.  This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument pursuant to L. Civ. R. 9.1(b), **GRANTS** Plaintiff's appeal, vacating the decision of the ALJ and remanding the case to the Commissioner for additional proceedings consistent with this opinion.

**I.  BACKGROUND**

    Ganie is a 60 year old woman with a high school education and vocational training as a paralegal.  (R. at 13.)  Ganie first filed for disability insurance benefits on June 6, 1994, alleging

disability since January 25, 1994. (R. at 12.) This claim was denied initially and upon reconsideration on March 30, 1995. (Id.) That claim has not been appealed. (Id.) Ganie's last job involved data entry, clerical and filing work. (Id. at 76.) Ganie left this job on March 16, 2001, allegedly due to severe, recurring pain which rendered her unable to work. (Id.) Ganie filed her current application for disability insurance benefits on September 21, 2001, claiming disability beginning on January 23, 2001. (R. at 12 & 76.) These claims were denied initially, and again upon reconsideration. (Id.) On January 14, 2004, Ganie, with representation of counsel, testified at a hearing before Administrative Law Judge Daniel N. Shellhamer ("ALJ"). At the hearing, the ALJ was presented with Ganie's testimony, as well as the testimony of a vocational expert and the reports and evaluations of various doctors who examined and treated Ganie.

      In a decision dated February 28, 2004, the ALJ denied Ganie's appeal, holding that: (1) Gaine meets the requirements for disability insurance coverage, is insured for benefits through the date of the ALJ's decision, and has not engaged in substantial gainful activity since the alleged onset of her disability; (2) Gaine's medically determinable impairment of neck pain, while serious, does not "meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4"; (3) Gaine's subjective allegations regarding her pain and physical limitations are not "totally credible"; (4) Gaine had residual functional capacity that allowed her to perform "at least a full or wide range of sedentary exertional level work"; and (5) Gaine's past work as a data entry clerk doesn't require performance of activities precluded by her residual functional capacity. (Id. at 23 - 24.) Based on these findings, the ALJ concluded that Gaine "was not under a 'disability' as defined in the Social Security Act, at any time through the

date of the decision" and not entitled to disability benefits.  (Id. at 24.)

The Appeals Counsel denied Gaine's request for review of the ALJ's decision on October 29, 2004 finding no appealable issues. (Pl. Br. at 1.)  Thereafter, Plaintiff filed the instant action seeking review of the Commissioner's denial of disability benefits, claiming that the decision of the ALJ was not supported by substantial evidence in the record, and that there was substantial evidence in the record to support a finding of disability pursuant to 42 U.S.C. § 405(g).  (Pl. Br. at 4.)  The appeal is fully briefed and before this Court for consideration.

## II.  DISCUSSION

**A.**     **Standard of Review**

It is well settled that the Commissioner's decision as to questions of fact are conclusive before a reviewing court if they are supported by "substantial evidence in the record." 42 U.S.C. § 405 (g);  Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000).  "Substantial evidence" means more than "a mere scintilla."  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)).  "It means such relevant evidence as a reasonable mind might accept as adequate." Id.  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

The Third Circuit has made it clear "that determination of the existence vel non of substantial evidence is not merely a quantitative exercise.  A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created

by countervailing evidence." Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983) (emphasis in original).  In reaching a conclusion that a claimant is capable of performing work, the ALJ must analyze all the evidence and explain the weight the ALJ has given to probative exhibits. Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  As the Third Circuit has noted, access to the ALJ's reasoning is essential to a meaningful court review. Fargnoli, 247 F.3d at 42.  Nevertheless, a District Court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).

**B.      Standard for Awarding Benefits Under the Act**

An individual may not receive disability insurance benefits under the Act unless he or she first meets statutory insured status requirements. See 42 U.S.C. § 423;  Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).  In order for a claimant to be considered disabled, he or she must be able to demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423 (d)(1)(A).  Thus, a claimant is not disabled unless "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423 (d)(2)(A).

To demonstrate that a disability exists, a claimant must present evidence that his or her affliction "results from anatomical, physiological, or psychological abnormalities which are

4

demonstrable by medically accepted clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3). Thus, an individual's subjective complaints are not enough to satisfy this threshold for establishing a disability. Furthermore, the claimant bears the burden of proving the existence of the alleged disability. 42 U.S.C. § 423 (d)(5)(A).

In accordance with the Act, the ALJ must undertake a five-step evaluation process in order to review a claim for disability insurance benefits. See 20 C.F.R. § 404.1520, Bowen v. Yuckert, 482 U.S. 137, 140 (1987). In the first step, the ALJ must determine whether the claimant is currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a). If the claimant is working and the work is substantial gainful activity, the application for disability benefits is automatically denied. See 20 C.F.R. § 404.1520(b). If the claimant is not employed, the ALJ proceeds to step two and determines whether the claimant has a "severe impairment" or "combination of impairments." 20 C.F.R. § 404.1520(c). A claimant who does not have a "severe impairment" is not disabled. Id. Third, if the impairment is found to be severe, the ALJ determines whether the impairment meets or is equal to those impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listing"). If so, the claimant is conclusively presumed to be disabled, and the evaluation ends. See 20 C.F.R. § 404.1520(d).

If, however, the impairment does not meet or equal a listed impairment under the Listing, the ALJ proceeds to step four, which requires a determination whether the limits imposed by claimant's impairment ("Residual Functional Capacity" or "RFC") prevent the claimant from returning to the work claimant performed in the past ("Past Relevant Work" or "PRW"). See 20 C.F.R. § 404.1520 (e). If the claimant is found capable of performing his PRW, the claimant is not disabled. Id. If the claimant is no longer able to perform his PRW, the evaluation must

continue to the last step.

The fifth and final step in the evaluative process requires a determination of whether the claimant, with their RFC, is capable of performing some other work available in the national economy.  In this last step, the burden shifts to the Commissioner to show that "there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity."  Plummer, 186 F.3d at 428 (citing 20 C.F.R. § 404.1520(f)).  Benefits are denied if work exists in the national economy in which the claimant could engage given the above-listed factors.  Thus, entitlement to benefits is dependent upon a finding that the claimant's impairments render them incapable of performing his or her PRW or some other type of work in the national economy.

**C.    Plaintiff's Appeal and the ALJ's Decision**

On appeal, Gaine claims that substantial evidence exists in the record to support a finding of disability, and asks this Court to reverse the ALJ's decision.  (Pl. Br. At 1.)  In the alternative, Gaine claims that the written opinion of the ALJ contains numerous deficiencies which require this Court to remand the case to the ALJ for reconsideration.

The Record in this case is substantial.  Gaine has presented medical reports and records from various doctors and numerous examinations and evaluations spanning a period of four years (from 1999 to 2003).  The ALJ's opinion recites and summarizes information from the various medical records presented by Gaine (see R. at 16-21), and this Court does not question that the ALJ dutifully reviewed and evaluated the wealth of information presented to him.  The opinion

rendered in this case, however, provides little or no insight into the reasoning supporting his conclusions.

As the Third Circuit has noted, "the special nature of proceedings for disability benefits dictates care on the part of the agency in developing an administrative record and in explicitly weighing all evidence." Dobrowolsky v. Califano, 606 F.2d 403, 406-07 (3d Cir. 1979). Unless the decision of the ALJ contains sufficient analysis of the evidence before it and "has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the [C]ourt's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'"[1] Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (quoting Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977)). Accordingly, this Court is unable to affirm the ALJ's decision since the ALJ's opinion offers insufficient analysis of the evidence before him to enable this Court to determine whether or not the findings contained in that opinion are supported by substantial evidence on the Record.

**1.      The ALJ must offer reasoning to support his credibility determination regarding Gaine's testimony regarding her subjective complaints of pain and physical limitations.**

Plaintiff's brief argues that Gaine's subjective claims of debilitating pain were not given

---

[1] While the ALJ need not make reference to every relevant treatment note in cases like this, where there is such a long treatment history on the Record, the Third Circuit requires that the ALJ, as the factfinder, consider and evaluate the medical evidence on the Record and offer a more comprehensive analysis of this evidence. See Fargnoli v. Massanari, 247 F.3d 34, 41 (3d Cir. 2001).

serious enough consideration by the ALJ in his conclusion that she was not entitled to a disability claim. (Id.)  "Pain may be disabling and a claimant's assertions of pain must be given serious consideration even where those assertions are not fully confirmed by objective evidence."  Smith v. Califano, 637 F.2d 968, 972 (3d Cir. 1981) (citations omitted).  A claimant's statements regarding the intensity, persistence, and limiting effects of their symptoms are, however, evaluated in relation to objective medical evidence, and other evidence, in reaching a conclusion regarding a claimant's disability.  20 C.F.R. § 404.1529(c).  While the ALJ must give serious consideration to a claimant's subjective complaints, even if they are not fully supported by objective medical evidence, they need not accept the credibility of these statements without question.  LaCorte v. Bowen, 678 F.Supp. 80, 83 (D.N.J. 1988).

      The ALJ in this case clearly considered Gaine's subjective claims of pain, finding these subjective claims of neck pain to be the basis of her functional limitations.  (R. at 23.)  The ALJ did not, however, fully accept Gaine's subjective claims – finding that her complaints "seem exaggerate[d] in view of the objective evidence on the record.  Despite claimant's testimony regarding her neck, shoulder and arm pain and limited ability to lift and reach, the [R]ecord does not document such limitations." (R. at 21.)  Unfortunately, the opinion fails to offer any additional insights into the ALJ's analysis of the credibility of Gaine's testimony.

      The ALJ is empowered to evaluate a witness' credibility, provided that they offer some reason to discredit the witness' testimony.  Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983).  The ALJ has discretion to "evaluate the credibility of a claimant and arrive at an independent judgment in light of medical findings and other evidence regarding the true extent of the pain alleged by the claimant."  Brown v. Schweiker, 562 F.Supp. 284, 287 (E.D.Pa.1983)

(quoting, Bolton v. Secretary of HHS, 504 F.Supp. 288 (E.D.N.Y.1980)).  Before an ALJ may reject a plaintiff's testimony as not being credible, however, there must be a "sufficient subordinate factual foundation for this assessment." Id. (citing Boyle v. Harris, 506 F.Supp. 294, 298 (E.D.Pa. 1980)).  While there may be substantial evidence in the Record to support the ALJ's credibility determination, the ALJ fails to state what factual foundation he relied upon to support his assessment.[2]  Accordingly, this Court remands this case to the ALJ for further consideration so that he may more specifically state the factual foundation, based on facts on the Record, that he relied upon to arrive at any credibility determination regarding Gaine's subjective testimony.

---

[2] The Court is not suggesting by this ruling that the ALJ's conclusions are *not* supported by substantial evidence on the record.  For example, there are many facts noted in this Court's review of the Record and noted by the ALJ in his recitation of the facts that may support the ALJ's conclusion regarding the credibility of Gaine's subjective testimony.  It was noted that the report from the functional assessment performed on Ganie in September 2001 contained an express disclaimer from the physical therapist performing the assessment that it was an invalid representation of Ganie's present physical capabilities due to apparent efforts by Gaine to manipulate the test results and misrepresent her true capabilities.  (R. at 225.)  Despite Gaine's complaints of pain and inability to function, it is noted in the Record that she was still able to perform some cooking and light household chores at home.  (R. at 286.)  Furthermore, the examination of October 2002 showed no evidence of muscle atrophy over Gaine's upper or lower extremities that would support her subjective complaints of near total inability to move without significant pain or that this pain has forced Gaine to significantly restrict her movements.  (R. at 372.)   Such a lack of any report of muscle atrophy can "strongly support the proposition that the claimant is not restricting his body movements due to pain, since the major muscle groups have retained essentially normal size and strength through use."  McCarthy v. Commissioner of Social Security, 1999 WL 325017 *16 (D.N.J. 1999).  The flaw in the ALJ's opinion is not necessarily with the his reasoning or findings, but rather with the fact that his opinion failed to set out the details behind his assessment and support his conclusions with specific references to facts on the Record that would properly enable this Court to conduct a proper review of his findings.  This Court cannot, upon review, conduct its own independent analysis of the Record to find proper justification for the ALJ's decisions.  This Court's inquiry on appeal is limited to examining the administrative record presented by the ALJ that discloses the basis for his findings.  See Farngoli v. Massanari, 247 F.3d 34, 43 n7 (3d Cir. 2001).

**2.      The ALJ must detail his reasoning for disregarding Gaine's other claimed impairments.**

Gaine challenges the ALJ's decision, claiming that the ALJ "ignored every single one of the plaintiff's severe impairments" (Pl. Br. at 9) by "pretend[ing] that plaintiff's only 'severe impairment' is 'neck pain,' because the ALJ does not want to credit the claimant with suffering from the actual impairments which disable her."[3] (Id. at 14.)  The various physical and mental conditions which Gaine sought treatment for were noted in the ALJ's opinion.  (R. at 15 - 22.)  Plaintiff claims that "each and every one of these impairments is a 'severe' impairment under the Commissioner's definition because each and every one of them affect the [P]laintiff's ability to perform basic work related functions." (Pl. Br. at 14.)  The ALJ clearly found to the contrary, finding only Gaine's neck pain to be a severe impairment.  (R. at 23.)  While the ALJ's opinion states his finding on this issue, it fails to provide a sufficient explanation for how he reached this conclusion.

The basis of Gaine's disability is her subjective claim that the neck pain and headaches she experiences constitute a disability which prohibit her from being able to return to work.  (R. at 433-35)  (See also R. at 171 ("patient [(Gaine)] is adamant in reporting that she is unable to

---

[3] The Plaintiff's brief further criticizes the ALJ for describing Gaine's impairment as "neck pain" on the grounds that "'[n]eck pain' is a symptom and not an impairment" and "anyone who graduated the 8th grade" would know this. (Pl. Br. at 14.)  Unfortunately, inappropriate comments and  *ad hominem* attacks against the ALJ like this appear throughout the Plaintiff's brief.  Such inappropriate personal attacks upon the ALJ detract from the persuasiveness of the Plaintiff's argument as well as the professionalism of its presentation.  The Court should not have to remind Plaintiff's counsel, as members of the Bar and officers of this Court, that such personal and unprofessional attacks have no place in their briefing papers presented to this Court.  See 3rd Cir. L.A.R. 28.1(c) (2002).

perform her [work-related] dut[ies] because of the significant discomfort predominantly in the trapezius area"); id. at 225 (quoting Gaine as saying "I can't do any kind of work because I am in pain all the time"); id. at 244 (reporting diagnosis as "neck pain"); id. at 246 ("patient is unable to return to work because of her significant pain").)  In addition to her subjective complaints of pain, Gaine presented evidence of numerous problems with her spinal column as well as additional physical ailments, including "parathesia of the left hand," "joint effusion in the toes of her feet," and "diabetes millitus."  (Pl. Br. at 14.)

     For a person to be considered disabled within the meaning of the Act it is not sufficient that she establish the mere presence of a disease or injury.  To be considered disabled, a person must show that their physical or mental impairments are of such severity that they cannot work at any kind of substantial gainful work that exists in the national economy.  See 42 U.S.C.A. § 423(d)(2)(A).  Gaine ultimately bears the burden of persuasion to show that a disease or impairment has caused functional limitations that preclude her from engaging in substantial gainful activity in order to be entitled to benefits.  Mongeur v. Heckler, 722 F.2d 1033, 1037 (2d Cir. 1983).

     Just as the presence of a disease or injury cannot, by itself, constitute a disability, subjective complaints of pain by themselves, while taken seriously in evaluating a person's disability under the statute, cannot sustain a finding of disability either.  While Gaine need not present objective evidence of the pain, there must be objective medical evidence of some condition that could reasonably be expected to produce the pain she is complaining of.  Green v. Schweiker, 749 F.2d 1066, 1071 (3d Cir. 1984).  See also 20 C.F.R. § 416.929(a) (requiring "medical signs and laboratory findings which show . . . a medical impairment(s) which could

reasonably be expected to produce the pain or other symptoms alleged").

Here, Gaine has presented subjective complaints of pain in her head and neck, as well as physical evidence of multiple conditions that may or may not be the root cause of her pain. In his opinion, the ALJ apparently disregards Gaine's claims of severe headaches as constituting a disability, and focuses on her complaints of neck pains. The ALJ also appears to have concluded that many of Gaine's other physical conditions did not contribute to the physical impairments (i.e. neck pain and headaches) which form the basis for her disability claim. While there may indeed be substantial evidence to support the ALJ's conclusions that neck pain is Gaine's only claim that is both a credible impairment and linked to a medically identifiable source, there is no analysis of the evidence on the Record provided in the ALJ's opinion to explain what evidence was relied upon to reach this conclusion and what, if any, weight was given to any contrary evidence. Accordingly, this Court remands this case to the ALJ so that he may further detail the analysis he conducted in evaluating Gaine's subjective complaints of pain and multiple physical conditions to reach the finding that Gaine's neck pain constitutes the sole severe impairment under the requirements in 20 C.F.R. § 404.1520(c).

**3.     The ALJ's findings to satisfy Step Three of the analysis must be more fully developed and explained.**

As noted above, the ALJ is required to undertake a five step process in evaluating Gaine's condition and whether or not she is entitled to disability benefits. To satisfy the requirements of Step Three, the ALJ's opinion includes a statement that Gaine's "medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1,

Subpart P, Regulations No. 4." (R. at 23.) While this Court's review of the voluminous medical evidence in the Record did not specifically note any evidence to directly challenge this conclusion, the conclusory statement provided by the ALJ that the Gaine's impairment does not meet these listings is insufficient for this Court to perform a proper and adequate review of this finding. See Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 119-20 (3d Cir. 2000) (remanding where conclusory statement "is similarly beyond meaningful judicial review"). Accordingly, this Court remands the case with directions to the ALJ to "fully develop the record and explain his findings at step three, including an analysis of whether and why [Gaine's] . . . impairments . . . are or are not equivalent in severity to one of the listed impairments," consistent with the Third Circuit's requirements set forth in Burnett. Id.

4.  **The ALJ's Residual Functional Capacity evaluation at Step Four requires further explanation.**

To satisfy the requirements of Step Four, the ALJ's opinion contains an assessment of Gaine's RFC. In his opinion, the ALJ found that Gaine had the RFC to perform "at least a full or wide range of sedentary exertional level work." (R. at 24.) The ALJ defined this as:

> [S]he can lift and carry 10 pounds occasionally and 5 pounds frequently, and can stand and/or walk for up to 2 hours and sit for up to 6 hours during an 8-hour workday. However, she does have limited ability to perform repetitive overhead reaching; and postural limitations which limit her to only occasional kneeling and climbing of stairs/ramps, and which preclude her from crouching, crawling, and climbing ropes/ladders/scaffolds.

(R. at 24.)

After reviewing the Record, this Court finds it difficult to determine whether the ALJ's

finding that Gaine can perform this type of work is supported by substantial evidence. The Record contains numerous, and often conflicting assessments of Gaine's residual functional capacity. For example, the March 2001 examination by Gaine's treating physician, Dr. Levine, M.D., resulted in Gaine being medically cleared to return "to work full active duty." (R. at 170.) The functional capacity assessment performed on September 11, 2001, while determined to be invalid due to Gaine's purported efforts to manipulate the results, reported that she could safely sit for 3 - 4 hours, stand for 1 - 2 hours, and walk for 1 - 2 hours per eight-hour workday and occasionally bend, squat, crawl, climb stairs, crouch, and kneel. (R. at 231.) A February 2002 examination report by Dr. Golish, M.D. noted that, in Dr. Golish's judgment, "she [(Gaine)] can do light work." (R. at 272.) Finally, the October 2002 examination by Dr. Rubin, M.D., found Gaine to be suffering from "permanent neurological impairment of 40% of total for a cervical radiculopathy and brachial plexopathy" and "100% permanently disabled and unemployable." (R. at 373-74.)

While the ALJ's opinion recites much of this information regarding the various assessments of Gaine's condition, it does not offer any insights into the his reasoning on how the often conflicting assessments were evaluated in reaching his final conclusion on Gaine's RFC. Accordingly, this Court is unable to properly evaluate the ALJ's decision. Such an evaluation would require an adequate presentation of the ALJ's evaluation of the relevant evidence, some documented explanation of the basis for his conclusion, and an explanation of the ALJ's assessment of the credibility and weight given to the medical findings on the Record that are contradictory to his own assessment. See Fargnoli, 247 F.3d at 40. Accordingly, this Court remands this case to the ALJ to accompany their Residual Functional Capacity assessment with

"a clear and satisfactory explication of the basis on which it rests," consistent with the requirements set forth by the Third Circuit in Fargnoli. Id. at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981) (requiring examiner's findings to be comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based so that a reviewing court may know the basis for the decision)).

### III.  CONCLUSION

Due to the lack of detailed analysis provided in the ALJ's written opinion, the Court is unable to find that the decisions of the ALJ were supported by substantial evidence on the Record.  The ruling of the ALJ is therefore vacated and remanded to the Commissioner for further proceedings consistent with this opinion.  On remand, the ALJ must consider and make specific findings as to all of the relevant probative evidence, including making a documented assessment of the credibility of the evidence and weighing of that evidence in reaching his findings of fact and conclusions of law in this matter.

Dated: January 19, 2006

                                                s/ Stanley R. Chesler, U.S.D.J.
                                                  Stanley R. Chesler, U.S.D.J.